# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

Muhammad Al-Mujahidin,                )    Civil Action No.  9:13-0022-MGL-BM
                                       )
                 Plaintiff,            )
                                       )
v.                                     )
                                       )    **REPORT AND RECOMMENDATION**
J. Harris, Sharond Sutton, Percy Jones, )
Warden Stevenson, Leroy Cartledge,      )
Sgt. Esterline, Ofc. Beckett and John Doe, )
                                       )
                 Defendants.           )
                                       )

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants.

A review of the docket shows that the Defendant James Harris has never been served with process. Plaintiff does not know Harris' location, and in an Order filed May 3, 2013, defense counsel was instructed to provide the Court with Harris' address (if it was known) so that service could be attempted by the United States Marshal. See Court Docket No. 20. Plaintiff was advised if service could not be effected, this Defendant may be dismissed under Rule 4(m), Fed.R.Civ.P. Defense counsel provided Harris' last known address, and service was attempted by the Marshall, which was unsuccessful. See Court Docket Nos. 23 and 58.



1

Pursuant to Rule 4(m), Fed.R.Civ.P., "[i]f a defendant is not served within one hundred and twenty (120) days after the complaint is filed, the Court-on motion or on its own after notice to the Plaintiff-must dismiss the action without prejudice against that Defendant or order that service be made within a specified time. But if the Plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period." Here, the time for service began to run on January 3, 2013, and the one hundred and twenty (120) day period for service provided by Rule expired on May 3, 2013. Therefore, unless Plaintiff has made proper service on the Defendant James Harris, he is entitled to dismissal as a party Defendant. The file reflects that several attempts at service have been made, without success. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at * 1 (4th Cir. 2000) [Marshal must expend a reasonable investigative effort to locate a defendant once the defendant has been properly identified].

**Plaintiff is herein specifically advised and placed on notice that, in response to this Report and Recommendation, he is to provide the Court with proof of service on the Defendant James Harris, or present good cause to the Court for any failure to serve this Defendant, within ten (10) days of the filing of this Report and Recommendation. Failure to do so will result in this Defendant being dismissed.**

### Conclusion

If in response to this Report and Recommendation, Plaintiff submits to the Court proof of timely service on the Defendant James Harris, then in that event **IT IS ORDERED** that this Report and Recommendation be **vacated**, and that the file be returned to the undersigned for further proceedings.



In the event Plaintiff fails to submit to the Court proof of service on this Defendant, or to demonstrate good cause for having failed to do so,[1] within the time granted herein, it is recommended that Harris be **dismissed** as a party Defendant in this case, without prejudice, pursuant to Rule 4(m), Fed.R.Civ.P.[2] Cf. Davis v. Young, No. 12-294, 2013 WL 4779220, at * 3-4 (M.D.Ga. Sept. 5, 2013); James v. Murphy, No. 09-4413, 2012 WL 487040, at * 14 (C.D.Cal. Jan. 24, 2012), adopted by 2012 WL 487036 (C.D.Cal. Feb. 15, 2012).

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

September 17, 2013
Charleston, South Carolina

---

[1] In the event Plaintiff has failed to serve the Defendant with service of process, but submits material to the Court asserting good cause for such failure, whether or not to accept Plaintiff's assertions of good cause shall be in the sole discretion of the District Judge in her review of this Report and Recommendation. See e.g., Epstein v. White, 1991 U.S. Dist. LEXIS 14888, 1991 WESTLAW 214152 (N.D.Ill., October 18, 1991); and cf. Mid-Continent Wood Products, Inc., v. Harris, 936 F.2d 297, 1991 U.S. App. LEXIS 13888 (7th Cir. 1991) [ Case law interpreting Rule 4(m) [or its predecessor, Rule 4(j)] has uniformly held that dismissal is mandatory if the defendants are not served within 120 days unless good cause is shown.].

[2] Defense counsel has filed a motion to dismiss James Harris as a party Defendant on grounds of failure to serve, which the undersigned finds is **moot**, as defense counsel have apparently also been unable to find or contact this Defendant, and therefore would not appear to have authority to act on this Defendant's behalf in his individual capacity.

3

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

