# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Muhammad Al-Mujahidin, | ) | Civil Action No. 9:13-0022-MGL-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **SUPPLEMENTAL REPORT** |
| | ) | **AND RECOMMENDATION** |
| J. Harris, Sharond Sutton, Percy Jones, | ) | |
| Warden Stevenson, Leroy Cartledge, | ) | |
| Sgt. Esterline, Ofc. Beckett and John Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————————— | ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C.§ 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants.

In a Report and Recommendation issued September 17, 2013, the undersigned observed that the Defendant James Harris had never been served with process, citing to, inter alia, Court Docket No. 58. Court Docket No. 58 is the Process Receipt and Return from the United States Marshal's Service which, upon initial review, appeared to reflect that the Defendant Harris had not been served with process. However, the Court has now been advised that Harris was personally served by the Marshal on September 4, 2013.[1] Therefore, the Report and Recommendation of

---

[1]While the process receipt has several entries reflecting unsuccessful attempts to serve and/or find Harris, a closer inspection reveals that a box indicating service had been accomplished was checked in a separate section of the service receipt.



1

September 17, 2013, advising Plaintiff of the requirements of Rule 4(m), Fed.R.Civ.P., and that James Harris would be dismissed as a party defendant if Plaintiff did not provide the Court with proof of service, has been vacated by separate order.

Additionally, the docket reflects that a motion to dismiss pursuant to Rule 4(m) on behalf of the Defendant Harris was filed by counsel for the remaining Defendants on September 13, 2013. The undersigned had mooted that motion based on the Report and Recommendation of September 17, 2013, and also because it was unclear what authority counsel for the remaining Defendants had to act on the Defendant Harris' behalf in his individual capacity if they had never had any contact with Harris. However, as it is apparent (at least from the Process Receipt filed with the Court) that Harris has now been served with process in this case, it is appropriate to now address that motion to dismiss, which by separate order has been restored to the docket.

In the motion to dismiss filed on behalf of the Defendant Harris, dismissal of Harris as a party Defendant is sought because more than one hundred twenty (120) days had passed since the filing of this action, and "[a] review of the docket does not reflect service having been completed as to James Harris". Pursuant to Rule 4(m), "[i]f a defendant is not served within one hundred and twenty (120) days after the complaint is filed, the Court on motion or on its own after notice to the Plaintiff must dismiss the action without prejudice against that Defendant or order that service be made within a specified time. But if the Plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period."

At the time of the filing of the motion to dismiss, the executed process receipt had not yet been filed with the Court. As noted hereinabove, however, that process receipt has now been filed, showing that the Defendant Harris has been served with process. Further, even though service



occurred outside of the one hundred twenty (120) day service period provided for by Rule, as the service responsibility in this case is that of the Marshal, not the Plaintiff, and in light of the fact that the Marshal only recently obtained the Defendant Harris' address to effect service; <u>see</u> Court Docket Nos. 20 and 23; the Defendant Harris is not entitled to dismissal as a party Defendant on the grounds of non-service or non-timely service. Therefore, it is recommended that the pending motion to dismiss be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 24, 2013
Charleston, South Carolina



3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

4

