# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Muhammad Al-Mujahidin, ) | Civil Action No. 9:13-0022-BHH-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| J. Harris, Sharonda Sutton, Percy Jones, ) | |
| Warden Stevenson, Leroy Cartledge, ) | |
| Sgt. Esterline, Ofc. Beckett and Joe Fant, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This action was filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on February 3, 2014. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 4, 2014, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to file an adequate response, the Defendants' motion may be granted, thereby ending his case. Subsequently, however, the pending motion for summary judgment was removed from the docket in order to allow for some additional discovery. See Court Docket No. 111. Defendants' motion was thereafter restored to the docket on April 25, 2014, and a second Roseboro



order was entered on May 16, 2014.

After receiving an extension of time, Plaintiff filed a memorandum in opposition to the Defendants' motion on July 14, 2014. The Defendants' motion is now before the Court for disposition.[1]

### Background and Evidence

Plaintiff alleges in his verified complaint, as amended,[2] that on or about January 18 2011, while confined in the Special Management Unit (SMU) at the Broad River Correctional Institution,[3] he was involved in a verbal altercation with the Defendant James Harris, a correctional officer. Plaintiff alleges that during this altercation, Harris opened Plaintiff's cell door and "assaulted Plaintiff by punching him several times". Plaintiff alleges that he "struggled with" Harris and forced him out of the cell, at which time the Defendants Easterline and Beckett (also correctional officers) arrived and "removed Plaintiff from the area". Plaintiff alleges that the Defendant Joe Fant, another correctional officer, was on duty in the SMU control room on the date at issue, and that he was the one who gave Harris the keys to Plaintiff's cell.

Plaintiff alleges he complained about what happened to the Defendants Sutton,

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this motion is dispositive, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Therefore, the undersigned has considered the factual allegations set forth in Plaintiff's verified Complaint in issuing a recommendation in this case.

[3]Plaintiff is now incarcerated at the McCormick Correctional Institution.

2



Cartledge, Jones and Stevenson, but that no one would "speak to or investigate this assault". Plaintiff further alleges that the Defendants Esterline, Beckett, Jones and Sutton were negligent in their supervision of the Defendant Harris by not being in or at their assigned work area, and that they have allowed Harris to assault the Plaintiff "without consequence". Finally, Plaintiff alleges that the Defendant Fant "conspired" with the other Defendants to cover up the assault and the fact that he [Fant] had provided Harris the keys to Plaintiff's cell.

Plaintiff seeks monetary damages, certain injunctive and/or declaratory relief, as well as that disciplinary action be taken against both Harris and Fant. See generally, Complaint, as amended (Court Docket No. 38).

In support of summary judgment in the case, the Defendants have submitted several exhibits showing that in January 2011 the Defendant Harris (at the time an SCDC mailman) opened Plaintiff's cell door to retrieve a piece of legal mail that had accidentally been dropped through the cell food flap door and that Plaintiff had refused to retrieve for him, at which time he was assaulted by the Plaintiff. Defendants have submitted a copy of Plaintiff's Disciplinary Report and Hearing record showing where Plaintiff was charged with assault and/or battery of an SCDC employee with intent to kill or injure, and that Plaintiff was found guilty of that charge. See Defendants' Exhibit (Court Docket No. 119-3, p. 6) [Disciplinary Report and Hearing Record]. See also, Defendants' Exhibit (Court Docket No. 119-3, pp. 7-8) [Incident Report]. The Defendants have also submitted evidence to show that Plaintiff appealed his conviction on this charge to the South Carolina Administrative Law Court, and that his conviction was affirmed. See Defendants' Exhibit (Court Docket No. 105-4) [Order]. Defendants' evidence also reflects that Plaintiff filed an inmate grievance asking that his conviction be overturned, which was denied at both the Step I and Step II

3



levels.[4]  See Defendants' Exhibits (Court Docket Nos. 105-3, pp. 3-5).  Plaintiff did not further

appeal his grievance to the Administrative Law Court.  See Defendants' Exhibit (Court Docket No.

105-3, pp. 1-2) [Hallman Affidavit].

As attachments to his response in opposition to summary judgment, Plaintiff has

submitted several documents as well as an affidavit.  In his affidavit, Plaintiff reiterates the

allegations of his verified complaint.  See Plaintiff's Exhibit (Court Docket No. 134-2).  Plaintiff has

also submitted copies of his Step 1 and Step 2 Grievance forms, as well as copies of an

Administrative Law Court brief and order indicating that Plaintiff had appealed an administrative

grievance (No. BRCI-134-11),[5] and that this appeal was dismissed because Plaintiff never filed a

brief.  See Plaintiff's Exhibits (Court Docket No. 134-1, pp. 4-8).  Plaintiff has also submitted as an

exhibit a copy of an SCDC Health Services Medical summary showing where he was seen at sick

call following the encounter at issue on January 18, 2011, at 4:35 p.m., which reads: "I/M states

bitten by employee during altercation in which he assaulted employee earlier today.  Questionable

if bitten by employee.  C/O tenderness (R) cheek".  This medical entry further reads: "I/M in holding

---

[4]This Court can take judicial notice from previous cases filed in this Court that, under the
SCDC Grievance Procedure, all inmate grievances  must be filed within fifteen (15) days of the
alleged incident, and if a grievance is denied by the Warden (Step 1), the inmate may then appeal
the Warden's decision by filing a Step 2 appeal with the Division Director of Operations.  See Aloe
Creme Laboratories, Inc. v. Francine Co, 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v.
Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina
Dept. of Corrections, No.  05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr.  18, 2006).

[5]The grievance Plaintiff filed relating to the incident at issue in this lawsuit bears the
Grievance No. BRCI-124-11.   See Plaintiff's Exhibit (Court Docket No. 134-1, pp. 1-3);
Defendants' Exhibit (Court Docket No. 105-3, pp. 3-5).  Hence, it is not clear whether the ALC
documents provided by the Plaintiff refer to the grievance he filed in this matter and simply contain
a typo with respect to the grievance number, or whether that ALC appeal documents Plaintiff has
provided are for a different grievance.



cell. No bruising, swelling, lacerations. Skin is intact. No facial bruising or swelling noted. [Alert] and [oriented] X3 . . . . no signs of human bite marks according to above entry". See Plaintiff's Exhibit (Court Docket No. 134-1, p. 9). This exhibit also reflects that Plaintiff had been seen by medical personnel earlier in the day, at 2:15 p.m., when medical was apparently first called by the Lieutenant to check on the Plaintiff following the altercation. That encounter note reflects that Plaintiff had "been in a fight with an employee".[6] At that time, Plaintiff's hands were found to be without swelling, he had full range of motion, and no problems with this fingers, although his index finger had a "tiny scratch" described as a "human bite and bleeding a small [amount]". Plaintiff also had a "tiny scratch" on his "fourth phalange". See Plaintiff's Exhibit (Court Docket No. 134-1, p. 10).

Plaintiff has also submitted copies of discovery material obtained from the Defendants in this case, as well as what appear to be some shift notes showing work times for prison employees.

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991).

---

[6]This encounter entry also indicates that, earlier, Plaintiff had been "gassed" at 6:45 a.m. for "behavior problems", at which time Plaintiff was described as being "very angry". See Plaintiff's Exhibit (Court Docket No. 134-1, p. 10). It does not appear that that incident relates in any way to the incident at issue in this lawsuit.



Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

Initially, Defendants note that, while this action has been construed as a claim by Plaintiff of a violation of his constitutional rights, Plaintiff also references 18 U.S.C. §§ 241 and 242 in his Complaint. See Complaint, at ¶ II(B). Defendants correctly note that both of those statutes are criminal statutes, and that Plaintiff cannot pursue criminal charges against the Defendants through the filing of this civil action. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) [a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person]; Collins v. Palczewski, 841 F.Supp. 333, 340 (D.Nev. 1993) ["Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions'"]. Since the Plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, he lacks standing to even raise such a claim. Linda R.S. v. Richard D., supra, 410 U.S. at 619.

Additionally, with respect to Plaintiff's demand that the Defendants Harris and Fant be fired from their jobs, the federal courts are not personnel directors of state prison systems.

6



Therefore, such relief is also unattainable in this action.  See Maxton v. Johnson, 488 F.Supp. 1030,

1032, n. 2 (D.S.C. 1980), citing United States v. White County Bridge Commission, 275 F.2d 529,

535 (7th Cir.    ) [a federal district court lacks the inherent power to hire or remove officials not

within the executive control of that federal district court], cert. denied sub nomine, Clippinger v.

United States, 364 U.S. 818 (1960).

      Therefore, to the extent Plaintiff's claims include requests for relief under these

statutes or for disciplinary action to be taken against certain Defendants, these claims/requests for

relief are without merit and should be dismissed.

## II.

      With respect to Plaintiff's excessive force claim seeking monetary damages against

the Defendant Harris, Defendants assert that this claim is subject to dismissal because a right of

action has not yet accrued with respect to any such claim, citing Heck v. Humphrey. 512 U.S. 477

(1994).  That case held that:

> In order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm whose unlawfulness would render a conviction or
> sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order, declared invalid by a
> state tribunal authorized to make such a determination, or called into question by a
> federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for
> damages bearing that relationship to a conviction or sentence that has not been so
> invalidated is not cognizable under § 1983.   Thus, when a state prisoner seeks
> damages in a § 1983 suit, the district court must consider whether a judgment in
> favor of the plaintiff would necessarily imply the invalidity of his conviction or
> sentence; if it would, the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been invalidated.  * * *

Heck v. Humphrey, supra.

Although Heck involved a conviction in a court of law, the holding in Heck is equally applicable to



7

cases which implicate the validity of an internal prison disciplinary conviction, such as we have here. Cf. Edwards v. Balisok, 520 U.S. 641, 648 (1997)[Applying Heck to claim challenging a disciplinary proceeding.]; see Stone-Bey v. Barnes, 120 F.3d 718, 721 (7th Cir. 1997)["The 'conviction' in the prison disciplinary sense is the finding of guilt on the disciplinary charge, and if success on the plaintiff's section 1983 claim necessarily would imply the invalidity of that finding, then Heck bars the claim until such time as its requirements are satisfied"].

        Defendants note that it is clear in the evidence before the court, nor does Plaintiff even contest, that he was convicted following a disciplinary hearing of assault and battery of an SCDC employee with intent to kill or injure, a conviction which was upheld by the ALC on appeal and which has never been overturned or expunged. While it is possible for an excessive force claim to proceed without necessarily implying that an underlying criminal conviction arising out of a claimant's arrest was wrongful; Smith v. City of Hemet, 394 F.3d 689, 699 (9th Cir. 2005) (en banc) [holding that success on merits of appellant's excessive force claim did not necessarily imply the invalidity of his criminal conviction, and therefore was not barred by Heck]; see Brooks v. City of Winston-Salem, 85 F.3d 178, 182-183 (4th Cir. 1996) ["[A] section 1983 action that would not render a conviction or sentence invalid and that seeks to recover damages other than those resulting from conviction or sentence was cognizable and could proceed, assuming no other bar to action was present, even though the plaintiff's conviction or sentence had not been reversed"]; based upon the particular facts of this case, which involves an altercation between a prison guard and an inmate, if Plaintiff were to be successful on his excessive force claim, it would necessarily imply the invalidity of his assault and battery conviction because the two are "inextricably intertwined".

        The evidence reflects that Plaintiff and Harris got into a physical altercation, during



which (according to Plaintiff's own allegations) he forcibly expelled Harris out of his cell and into the hallway, where they continued too struggle. The documentary evidence provided to the Court, including Plaintiff's own evidence, also shows that Plaintiff's contention that it was he who was assaulted by Harris was found to be without merit, and that Plaintiff's conviction of having assaulted Harris was supported not just by the officer's description of the event but by photographs of Harris documenting the effects of the assault on him by the Plaintiff. See <u>Defendants' Exhibit</u> (Court Docket No. 105-3, p. 9) [Photographs]. Further, the evidence reflects that the struggle between Plaintiff and Harris continued only until Plaintiff had been restrained, following which he was removed from the scene by the Defendants Esterline and Beckett. See <u>Plaintiff's Amended Complaint</u> (Court Docket No. 38-1, p. 4); <u>Plaintiff's Exhibit</u> (Court Docket No. 105-3, p. 3) [Step 1 Grievance]. Hence, this was not a situation like was present in <u>Wells v. Cramer</u>, No. 04-11703, 158 Fed.Appx. 203 (11th Cir. Nov. 30, 2005), where the Court found that the Plaintiff's claim was not barred by <u>Heck</u> because the claim was that excessive force was used *after* Plaintiff had been "arrested, restrained and posed no threat to the Defendant officers...." Here, the initial physical altercation between Plaintiff and Harris is what gives rise to both Plaintiff's assault and battery conviction and his claim that Harris used excessive force against him, and the two are therefore "inextricably intertwined". <u>Cf</u>. <u>Cummings v. City of Akron</u>, 418 F.3d 676, 682 (6th Cir. 2005) [Finding that "success on [Plaintiff's] excessive force claim would necessarily imply the invalidity of his state assault conviction. The struggle between [Plaintiff] and the officers gave rise to both [Plaintiff's] assault conviction and the excessive force claim, and the two are inextricably



intertwined."]; Hudson v. Hughes, 98 F.3d 868, 872-873 (5th Cir. 1996).[7]  As such, Plaintiff's

excessive force claim against Harris is barred by Heck, and should be dismissed. See Heck, 512 U.S.

at 486-487, & n. 6 [Heck bars claim if a successful prosecution of the excessive force claim by the

Plaintiff would necessarily imply that his criminal conviction was wrongful.].

          Additionally, even if the Court were to find that Plaintiff's excessive force claim is

not barred by Heck and should be addressed on the merits, the undersigned finds and concludes for

the reasons set forth hereinbelow that it is still subject to dismissal.  When reviewing an excessive

force claim, the Court should consider 1) the need for the application of force,  2) the relationship

between the need and the amount of force that was used,  3) the threat to the staff and inmates as

reasonably perceived by the prison officials on the basis of the facts known to them,  4) the efforts

made to temper the severity of a forceful response, and 5) the extent of the injuries suffered by the

prisoner.  Whitley v. Albers, 475 U.S. 312, 321 (1986); Thompson v. Shelton, 541 Fed.Appx. 247,

249-250 (4th Cir. Sept. 23, 2013); Majette v. GEO Group, Inc., No. 07-591, 2010 WL 3743364, at

* 6 (E.D.Va. Sept 22, 2010); see Hudson v. McMillian, 503 U.S. 1, 7 (1992) [the core judicial

inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or

maliciously and sadistically to cause harm].  Here, the evidence before the Court, considered in the

light most favorable to the Plaintiff, reflects that on the day in question the Plaintiff and Harris got

into an argument, during which Harris stated to the Plaintiff "I'll kick your ass".[8]  There is no dispute

---

      [7]With respect to the holding in Hudson, 98 F.3d at 872-873; cf. State v. Williams, 624 S.E.2d
443, 446 (S.C. 2006).

      [8]Even assuming Plaintiff's allegation that Harris made this statement to be true for purposes
of summary judgment, the use of such language by a prison guard towards an inmate is not a
constitutional violation prosecutable under § 1983.  Malsh v. Austin, 901 F.Supp. 757 (S.D.N.Y.
(continued...)



that Harris then opened the cell door (according to Harris, to retrieve a piece of mail not addressed to the Plaintiff that Plaintiff would not return to him), at which time (according to the Plaintiff) Harris struck him several times, thereby unlawfully "assaulting" him.  However, while there is no dispute that Plaintiff and Harris got into a physical altercation, Plaintiff's claim that Harris unlawfully "assaulted" him is without merit (at least for purposes of this opinion) based not only on Heck, but under the well established doctrine that federal courts are required to give state court judgments on the same issue and claim preclusive effect.  See Hall v. Marion School District No. 2, 31 F.3d 183, 190-191 (4th Cir. 1994)["When a state agency 'acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' federal courts must give the agency's fact finding the same preclusive effect to which it would be entitled in the state's courts"], citing University of Tennessee v. Elliott, 478 U.S. 788 ___ (1986).

Further, even if this Court were to find that whether or not the amount of force used by Harris during this altercation was excessive was not a question "inextricably intertwined" with the issue of whether Plaintiff was guilty of assaulting Harris; but see discussion, supra; this claim would still fail for the simple fact that Plaintiff has submitted no evidence sufficient to give rise to a genuine issue of fact as to whether any force used against him was constitutionally excessive.

---

[8](...continued) 1995)["Verbal assault, standing alone, is not a . . . cognizable injury in a 1983 civil rights action"]; Sluys v. Gribetz, 842 F.Supp. 764, 765 n.1 (S.D.N.Y. 1994) affmd., Sluys v. Gribetz, 41 F.3d 1503 (2d Cir. 1994);  Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Batista v. Rodriguz, 702 F.2d 393, 398 (2nd Cir. 1985); Ajaj v. United States, 479 F.Supp. 2d 501, 538 n. 16 (D.S.C. 2007); Musto v. Trinity Food Service, Inc., No. 07-231, 2010 WL 3565723 at * 13 (M,D.Fla. 2010)[Although "epithets are repulsive and generally the weapon of the uncivilized, . . . verbal harassment does not state a claim for relief in a federal civil rights action."].



First, there is no dispute in the evidence that the Plaintiff, a prison inmate, engaged in a physical altercation with a lone prison guard during which the struggle between the two combatants spilled out of an open cell door into the hallway of a cellblock.  What is objectively reasonable depends on what conditions exist at the time the alleged excessive force is used, recognizing that prison officials are often forced to make split second judgments in circumstances that are tense, uncertain, and rapidly evolving, and under such a circumstance as was present here, there was certainly a need for the application of force by Harris to quickly gain control of the situation based on a threat reasonably perceived by the prison official.  Cf. Graham v. Connor, 490 U.S. 386, 396 (1989); Greenidge v. Ruffin, 927 F.2d 789 (4th Cir. 1991).  While Plaintiff contends that Harris was at fault for the altercation's initiation, even assuming that to be the case for purposes of summary judgment, Plaintiff admits that the confrontation between the two men spilled out into a hallway, which would manifestly give rise to a great concern by prison officials under any circumstance.  Cf. Sylvia Dev. Corp. v. Calvert County, MD., 48 F.3d 810,818 (4th Cir. 1995)[explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range or reasonable probability" and that ["w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)].

Additionally, and significantly for the facts of this case, there is no evidence to show, and indeed Plaintiff does not even allege, that any application of force against him continued after he had been restrained.  Cf. Wilson v. Flynn, 429 F.3d 465, 469 (4th Cir. 2005)[Lack of evidence that officers used any improper force after restraining a prisoner "distinguishes [Plaintiff's] case from



many in which we have held the Plaintiff has alleged an excessive force claim."]; see also Williams v. Benjamin, 77 F.3d 763, 761 (4th Cir. 1996)[because prison officials are entitled to use appropriate force to quell prison disturbances, and because these officials oftentimes must act under pressure without the luxury of a second chance, in order for a prisoner to prevail on an Eighth Amendment claim he must demonstrate that officials applied force maliciously and sadistically for the very purpose of causing harm]. Plaintiff's own self-serving statement in his affidavit and verified complaint that Harris used "excessive" force against him by "punching him several times" is not, under the facts presented and with no other supporting evidence, sufficient to establish his claim. See, e.g., Riley v. Honeywell Technology Solutions, Inc., 323 Fed.Appx. 276, 278, n. 2 (4th Cir. 2009)[Holding that Plaintiff's "self-serving contentions" that he was treated unfairly "were properly discounted by the district court as having no viable evidentiary support"]; Nat'l Enters., Inc. v. Barnes, 201 F.3d 331, 335 (4th Cir. 2000)[Holding that a self-serving affidavit was insufficient to survive summary judgment].

Finally, there is no evidence to show that Plaintiff suffered any significant injury as a result of the force use against him. Plaintiff's own evidence (the medical summary notes supplied by Plaintiff as an exhibit to his memorandum opposing summary judgment) show that he suffered few, if any, injuries as a result of the alleged "excessive" force used against him by Harris. See Plaintiff's Exhibit (Court Docket No. 134-1, pp. 9-10). Although it is not required that Plaintiff show he suffered more than a de minimis injury to maintain an excessive force claim; see Wilkins v. Gaddy, 130 S.Ct. 1175, 1179-1180 (2010)[Noting that the notion that significant injury is a threshold requirement for stating an excessive force claim was rejected in Hudson, 503 U.S. at 7]; the "absence of [a] serious injury" nevertheless remains relevant in an Eighth Amendment inquiry.



<u>Wilkins</u>, 130 S.Ct. at 1179-1180 [holding that the extent of injury may provide some indication of the amount of force applied, and stating that "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim"], citing to <u>Hudson</u>, 503 U.S. at 9 (quoting <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2d Cir. 1973)); <u>see also</u> <u>Ellerbe v. Roach</u>, No. 08-3118, 2010 WL 3361703, at * 3 (E.D.N.C. Aug 24, 2010).  As noted, Plaintiff has failed to produce any evidence showing a discernible injury in this case.  See <u>Strickler v. Waters</u>, 989 F.2d 1375, 1380-1381 n. 9 (4th Cir. 1993) [the mere incantation of physical or mental injury is inadequate to survive a motion for summary judgment];

        In sum, the evidence before the Court, even considered in the light most favorable to the Plaintiff, clearly shows a need for the application of force by Harris to gain control of a situation that could have quickly spiraled out of control; that the extent of force used was only that necessary to diffuse the situation, gain Plaintiff's compliance, and minimize the risk of injury to both the Plaintiff and the prison guard as a result of a physical confrontation; and that Plaintiff suffered no discernable injury as a result of the amount of force used again him.  Therefore, even assuming this claim was not barred by <u>Heck v. Humphrey</u>, it would be subject to dismissal.  <u>Grissom v. Roberts</u>, No. 09-3128, 2009 WL 2601260 at * 6 (D.Kan. Aug. 24, 2009)["Not every isolated battery or injury to an inmate amounts to a federal constitutional violation"]; <u>Wilkins</u>, 130 S.Ct. at 1179-1180 [holding that the extent of injury may provide some indication of the amount of force applied, and stating that "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim"]; <u>Wilson</u>, 429 F.3d at 469 [Lack of evidence that officers used any improper force after restraining a prisoner "distinguishes [Plaintiff's] case from many in which we have held the Plaintiff has alleged an excessive force claim."].

14



### III.

Finally, Plaintiff's claim against the remaining Defendants is essentially that they somehow engaged in a "conspiracy" with Harris to deprive Plaintiff of his constitutional rights, or violated his constitutional rights by failing to do anything about the alleged assault on him by Harris after he reported it.[9]  However, Plaintiff has presented no evidence to show that any of these other Defendants violated Plaintiff's constitutional rights in any way.

Even assuming for purposes of summary judgment that Officer Fant, who Plaintiff alleges was in the control room, was not supposed to have provided keys to Harris, which is how (according to the Plaintiff) Harris was able to access his cell, he has provided no evidence whatsoever to show that either Fant or any of the other named Defendants were involved in a "conspiracy" to have Harris go to Plaintiff's cell to assault him.  Plaintiff simply alleges in a general and conclusory manor that this is what they did.  House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971)[Setting forth criteria for maintaining a conspiracy claim under 42 U.S.C. § 1985(3)];Simmons v. Poe, 47 F.3d 1370, 1376-1377 (4th Cir. 1995)[Same]. Additionally, the Supreme Court has held that in order to maintain a conspiracy claim under §1985(3), a Plaintiff must show that the alleged conspiracy was motivated by "some racial, or

---

[9]Plaintiff also asserts that the Defendants were "negligent".  However, negligence does not rise to the level of a constitutional violation.  See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]; see Paul v. Davis, 424 U.S. 693, 701 (1976) [not every claim which may set forth a cause of action under a state tort law is sufficient to set forth a claim for a violation of a constitutional right]; Smith v. Regional Director of Florida Dep't of Corrections, 368 Fed.Appx. 9, 14 (11th Cir. Feb. 10, 2010) ["simple negligence is not actionable under § 1983 . . . ."].



perhaps otherwise class-based invidiously discriminatory animus." Griffin, 403 U.S. at 102; see also Trerice v. Summons, 755 F.2d 1081, 1084 (4th Cir. 1985). Plaintiff has failed to allege any facts to indicate any discriminatory motive on the part of the Defendants. Therefore, even if liberally construed as a conspiracy action brought pursuant to § 1985(3), this claim is subject to summary dismissal. Cf. Johnson v. Flores, No. 05-1628, 2009 WL 606263, at * 6 (N.D.Cal. March 9, 2009).

In so far as Plaintiff contends that one or more of these other Defendants violated his constitutional rights by failing to take any action after he reported Harris' alleged assault, the evidence before the Court clearly shows that Plaintiff was able to, and in fact did, pursue his claim that he was the victim in this matter not only through the prison disciplinary process, but also through use of the prison grievance system. Plaintiff has presented no evidence to show that any of these other named Defendants hindered or obstructed him from pursuing his claim and version of events in any way. Further, even if the Court were to assume for purposes of summary judgment that one or more of the Defendants did violate a prison policy in their handling of Plaintiff's complaints or grievances (of which there is no evidence), a violation of such policies or procedures does not constitute a violation of Plaintiff's constitutional rights, and is therefore not assertable in a § 1983 action. See Keeler v. Pea, 782 F.Supp. 42, 44 C.D.S.C. 1992); cf. Scott v. Hamidullah, C/A No. 3:05-3027-CMC-JRM, 2007 WL 904803 *5 n. 6 (D.S.C. March 21, 2007) (citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)); Johnson v. S.C. Dep't of Corrections, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ["Plaintiff's allegation that defendants did not follow their own policies or procedures, standing alone, does not amount to a constitutional violation."] (citing Riccio, 907 F.2d at 1469 [if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]); Azeez

16



v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982) [even where a state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights]; see also McGuire v. Forr, No. 94-6884, 1996 WL 131130, at *1 (E.D.Pa. March 21, 1996), aff'd, 101 F.3d 691 (3d Cir. 1996) [creation of a grievance system by a state does not create any federal constitutional rights, as prisoners are not constitutionally entitled to a grievance procedure].

Therefore, this claim is without merit.

### Conclusion

Based on the foregoing, it is recommended that the Defendants motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 21, 2014
Charleston, South Carolina

17



**Notice of Right to File Objections to Report and Recommendation**

      The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

      Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

      **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

