IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Muhammad Al-Mujahidin, ) | Civil Action No.: 9:13-22-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| vs. ) | |
| ) | |
| J. Harris, Sharonda Sutton, Percy Jones, ) | |
| Warden Stevenson, Leroy Cartledge, ) | |
| Sgt. Esterline, Ofc. Beckett and Joe ) | |
| Fant, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Muhammad A.-Mujahidin ("the plaintiff"), proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. §§ 1983 against the defendants J. Harris, Sharonda Sutton, Percy Jones, Warden Stevenson, Leroy Cartledge, Sgt. Esterline, Ofc. Beckett and Joe Fant ("the defendants") alleging violations of his constitutional rights by the defendants. (Am. Compl., ECF No. 38.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Bristow Marchant for pretrial handling and a Report and Recommendation. The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the court incorporates them without recitation.

## **BACKGROUND**

The plaintiff filed this action against the defendants alleging *inter alia* excessive force and conspiracy to deprive him of his constitutional rights. On July 21, 2014, the Magistrate Judge issued a Report and Recommendation recommending that the defendants' motion for summary judgment (ECF No. 119) be granted, and this case be dismissed. (ECF No. 136.) On August 8, 2014, the plaintiff filed Objections to the Report and Recommendation.

(ECF No. 138.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S. Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation (the "Report") to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

As noted above, the plaintiff filed objections (ECF No. 138) to the Magistrate Judge's Report. The Court has thoroughly reviewed the plaintiff's objections and finds them to be without merit. The plaintiff is correct that the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994) does not categorically require that a criminal conviction be overturned for a plaintiff to recover under § 1983. In support of his claim, the plaintiff cites the following passage from the Fourth Circuit's ruling in *Brooks v. City of Winston-Salem, N.C.*,

-3-

85 F.3d 178, 182 (4th Cir. 1996):

> *Heck* did not purport to address the accrual of a § 1983 cause of action for damages resulting from actions that would not implicate the validity of a conviction or sentence. And, a charge that probable cause for a warrantless arrest was lacking, and thus that the seizure was unconstitutional, would not necessarily implicate the validity of a subsequently obtained conviction—at least in the usual case.

In this case, however, a finding in favor of the plaintiff would "implicate the validity of [his] conviction or sentence." As the Magistrate correctly noted, "if Plaintiff were to be successful on his excessive force claim, it would necessarily imply the invalidity of his assault and battery conviction because the two are 'inextricably intertwined'." The Magistrate Judge clearly distinguished the situation at hand from cases such as *Brooks*, and the plaintiff has not offered any compelling argument in response.

The plaintiff's remaining arguments are unpersuasive and warrant no further discussion. The Court agrees with the Magistrate Judge and adopts the Report and Recommendation.

## **CONCLUSION**

For the reasons stated above, the court overrules the plaintiffs' objections and adopts and incorporates by reference the Magistrate Judge's Report and Recommendation. Accordingly, The defendants' motion for summary judgment (ECF No. 119) is GRANTED, and this case is dismissed.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

January 27, 2015
Greenville, South Carolina